## Brookhart *against* Small.

A legacy which the testator directed to be paid " out of his estate" is not thereby made a charge upon his lands devised, although at the time of his death there are no other assets out of which it might be paid.

ERROR to the Common Pleas of *York* county.

This was an action on the case brought for the recovery of a legacy by Henry Brookhart against the executors of George Small, deceased, in which the parties agreed to the following facts to be considered in the nature of a special verdict :—

On the 30th day of April 1813, Peter Eibe being the owner of the two plantations in his will described, and also possessed of a large personal estate, made his will in which he disposes of his property as follows : — "And respecting the worldly estate and effects wherewith it hath pleased God to bless me, I dispose of them in the following manner : that is to say, it is my will that my just debts and funeral expenses be paid by my executors hereinafter named as soon after my decease as conveniently may be; a true inventory and appraisement may be taken of all my moveables and effects, outstanding debts, and further personal property. The said moveables are to be sold by public vendue. I bequeath to my son Jacob Eibe the plantation where I am living on at present, to be his, his heirs or assigns; he is to have possession after he is of age; and the said plantation is to be rented by my executors, Adam Leichtenberger and Christian Long, till he becomes of age. Second, the plantation in Manchester township, adjoining land of Philip Hoover and others, I bequeath to the heirs of Adam Shitz and Mary Shitz; the said Adam Shitz may live on the plantation and have the profits as long as he is living; then it shall come to his children, excepting the one she got by Henry Brookhart, *which shall have four hundred* pounds out of my estate, and shall remain in my executor's hands till he is of age,

VII. — U

and then be given up to said child; the remainder of the money, after all expenses are paid, and besides the four hundred pounds, shall be equally divided between Jacob Eibe and Adam Shitz; the said Adam Shitz will have the use of the mentioned plantation; he shall not sell it; the said children are the right heirs of it after his decease."

The said Peter Eibe sold the plantation bequeathed to Shitz and his children. He died in August 1819. On the 14th of September 1819, the foregoing will was duly proved. The executors therein named renounced, and letters of administration, with said will annexed, were duly granted to George Small and Frederick Zorger. After the death of the testator, the plantation devised in said will to Jacob Eibe was sold by the sheriff on process issued on judgments obtained against said testator in his lifetime. After satisfying the liens, the residue of the proceeds of said sheriff's sale, amounting to $693.71, was paid into the hands of said administrators.

George Small, one of said administrators, filed his separate account of his administration of said estate, charging himself with said residue of the proceeds of said sheriff's sale, and exhibiting a balance of $493.11½ in his hands after paying all debts and expenses. The said account was duly confirmed by the Orphans' Court on the 13th of December 1825, and the balance of said account was afterwards paid to the legal representatives of Jacob Eibe, then deceased, who gave to the said George Small refunding receipts to repay to him the said sums of money, if at any time it should appear that they were not entitled to retain the same.

Jacob Eibe, the devisee above named, became of age, took possession of the land devised to him, and retained the same till the sheriff sold it as above set forth.

The plaintiff is the son of Mary Shitz by Henry Brookhart, in said will named, and made reasonable demand of said legacy of the executors of the said George Small, deceased, before he brought this suit. The said George Small died on the 10th day of August 1838, and these defendants were duly constituted executors of his will; and the said Philip A. Small, Samuel Small, Alexander Small, and Cassandra the wife of Charles A. Morris, are the only legal heirs and representatives of the said George Small, deceased.

The plaintiff became of age on the 13th day of April 1834.

If the plaintiff is entitled to recover the amount of the residue received from the sheriff, with interest from the time it was received by the said Small, then judgment to be rendered for that sum.

If the plaintiff is entitled to recover only the balance in the hands of said Small on settlement of his administration account, then judgment to be rendered for plaintiff for $493.11½, with in-

terest from 13th December 1825, or from such time as the plaintiff may be entitled to interest from the defendants.

If the plaintiff is not entitled to recover, then judgment to be rendered for the defendants.

The court below (DURKEE, President) rendered a judgment for the defendants.

*Fisher*, for plaintiff, cited 2 *Binn.* 525; 6 *Binn.* 395; 1 *Vez. Jun.* 444; 1 *Roper on Leg.* 453; 1 *Penn. Rep.* 111.

*Chapin*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The question presented for consideration here is, whether a legacy of £400 given by Peter Eibe in his last will and testament to the plaintiff, Henry Brookhart, a natural grandson of the testator, be made thereby a charge or not upon the real estate of which the testator died seised. Though it appears that he had two plantations at the time of making his will, one whereon he resided and devised specifically to his son Jacob Eibe in fee, and the second to his son-in-law, Adam Shitz, during his life, and after his decease to the children of the said Adam by his wife, the daughter of the testator, yet he afterwards in his lifetime sold the plantation devised to Adam Shitz and his children, for the purpose of paying debts which he had created; and after his death, the plantation devised to his son Jacob was taken in execution and sold to raise money for the payment of other debts owing by him at the time of his decease. Of the money thus raised, after paying the debts, a surplus remained of $493.11½, which is claimed in this suit by the plaintiff towards payment of the legacy of £400 bequeathed to him, on the ground that it was, as he alleges, made a charge on the plantation, by the testator in his will, from which the money has been raised by the sale of the sheriff. It is true that the testator has declared by his will that the plaintiff shall have £400 *out of his estate;* but it is very clear that he did not intend, in any event, that it should be paid out of his real estate; for the two plantations, which appear to have been all the real estate he had when he made his will, or at any time afterwards, were specifically devised as mentioned above, without being made subject, either expressly or impliedly, to any charge whatever. This, however, is not all; for the language of the will, immediately following the bequest of the £400 to the plaintiff, shows conclusively that the testator intended that it should be paid out of his *personal* and not his real estate, and that he considered his personal estate not only sufficient for that purpose, but that there would be a surplus remaining of it, after paying all his debts and the legacy bequeathed to the plaintiff. By the language immediately following the bequest, part of the same clause indeed, he directs that

the bequest shall remain in the hands of his executors until the plaintiff shall arrive at full age, when it is to be paid to him. Then follows a clause in these words, " The remainder of the money, after all expenses are paid *and* besides the £400, shall be equally divided between Jacob Eibe and Adam Shitz." It may be observed that the conjunction " and," inserted between the words " paid" and " besides" in this clause, is unnecessary, or rather inserted improperly, and therefore is to be rejected in reading the clause. In the previous part of his will, the testator directs his just debts and funeral expenses to be paid by his executors thereinafter named, as soon after his decease as conveniently may be; that a true inventory and appraisement be taken and made of all his movables and effects, outstanding debts and other personal property, and that his movables be sold by public vendue. But no authority whatever is given to the executors to sell or dispose of his real estate, or any portion thereof, in any event that may occur, nor to do anything whatever with any part of it, excepting to rent the home plantation for his son Jacob, to whom he had devised it, until Jacob should attain his majority. So that it was utterly impossible that the legacy given to the plaintiff could remain in the hands of the executors, as directed by the will, unless the personal estate proved sufficient to produce it, because the executors had no authority to raise it out of the real estate. And for the same reason, when the testator directs that " the remainder of the money, after all expenses are paid besides the £400, (the legacy given to the plaintiff), shall be equally divided between Jacob Eibe (his son) and Adam Shitz (his son-in-law)," he must necessarily be understood to allude to the remainder of the money arising from his personal estate, and to mean the same after paying his debts, the expenses of the administration, and the legacy of £400 given immediately before to the plaintiff. Besides, it is proper to remark that he gives the remainder of this money, after paying the legacy bequeathed to the plaintiff out of it, to his son Jacob and his son-in-law Adam Shitz, in equal parts; which was wholly unnecessary if it was meant to be raised out of his real estate, for he had previously given all his real estate to them and the children of the latter, which would have entitled them to any surplus money raised out of it after satisfying the purposes of the will. This would seem to prove beyond all possibility of doubt that the testator thought his personal estate, at least at the time of his making his will, which was upwards of six years before his death, would be more than sufficient to pay all his debts, beside the legacy given to the plaintiff and the expenses of the administration of it; and therefore directs that the remainder thereof, after doing this, shall be equally divided between his son Jacob and his son-in-law Adam Shitz; thus giving to them the remainder of his personal estate, over and above his real estate, which he had in a previous part of his will devised

to them and the children of Shitz, as stated above.   The surplus, therefore, of the money arising from the sheriff's sale of the plantation devised to Jacob Eibe, after paying the debts of the testator, must be considered as belonging to the representatives of Jacob Eibe, the devisee thereof; he, as it appears, being dead: so that the plaintiff in this action has no right to recover.

Judgment affirmed.