## Riley's Appeal.

A pecuniary legacy, directed by the testator to be paid out of his estate, in case of a deficiency of personal assets, is a charge on the lands devised as residue.

Primâ facie, a general legacy is payable out of the residuary estate, real and personal.

APPEAL from the District Court of *Allegheny county.*

This was an appeal by the legatees of William Riley, Sr., deceased, from the decree of the court below distributing the proceeds of a sheriff's sale of the real estate of William Riley, Jr., deceased.

William Riley, Sr., by his last will, dated the 21st July 1842, devised and bequeathed as follows:—

"First: I give and bequeath unto my beloved wife, Lavinia Riley, all my household furniture, and the maintenance and living off the premises on which I now reside, during her natural life or widowhood.

"I do also give and bequeath to my son John, the sum of three hundred dollars, and to my daughters, Jane, Nancy, Lavinia, Margaret, and Mary, seventy dollars to each of them, to be paid out of my estate, in equal annual payments, within ten years after my decease; and to my daughters above mentioned I give, during their remaining single or unmarried (should they desire it), eight acres of land on the east side of the Harmony road, joining John Moon's line, so as to include a spring in the meadow, and two acres of timbered land on the west side of said road, and a house to be built thereon, for their use and accommodation, by my executors, out of my estate, whenever my daughters before mentioned, or any of them, require it; the house not to exceed sixteen by twenty-four feet.

"After my decease, and the decease of my beloved wife, Lavinia, I give and devise to my son William, his heirs and assigns, all that messuage and tenement on which I now reside, situated in the township, county, and state aforesaid, to hold to him, the said William, his heirs and assigns for ever.

"And lastly, as to all the rest, residue, and remainder of my personal estate, goods, and chattels, of whatsoever kind and nature, I give and bequeath the same to my beloved wife, Lavinia, and to my son William."

This will was admitted to probate on the 20th August 1847; and letters testamentary were granted to Lavinia Riley and William Riley, Jr., the executors named therein.

William Riley, Jr., afterwards went to California, and died there, having paid but $48 out of the personal estate on account

of the legacies given by his father's will; and letters of adminis-
tration on his estate were granted to James Duff and Lavinia
Jane Riley, his widow.

On the 30th January 1858, the land devised to William Riley,
Jr., was sold by the sheriff, by virtue of an execution issued on a
judgment obtained against him in his lifetime, and duly revived
by *scire facias* against his personal representatives, with notice to
the widow and heirs.

The sheriff took the judgment-creditors' receipt for the net pro-
ceeds of sale, amounting to $1945.54, and made a special return
to the writ; to which exceptions were filed by the legatees of
William Riley, Sr., who claimed that their legacies were payable
out of the proceeds of sale.

The court below appointed an auditor to report distribution of
the fund, who reported that the legacies were not liens thereon,
and awarded the fund to the judgment-creditors. The court below
confirmed the report of the auditor, and decreed distribution
accordingly; whereupon, this appeal was taken by the legatees.

*McConnell*, for the appellants, cited Ripple *v.* Ripple, 1 *Rawle*
390; McLanahan *v.* McLanahan, 1 *Penn. R.* 111–12.

*Marshall & Brown*, and *N. P. & G. L. B. Fetterman*, for the
appellees, cited Hepburn *v.* Snyder, 3 *Barr* 72; Wright's Appeal,
2 *Jones* 257; Brandt's Appeal, 8 *Watts* 198; Miltenberger *v.*
Schlegel, 7 *Barr* 241; Brookhart *v.* Small, 7 *W. & S.* 229;
Hackadorn's Appeal, 1 *Jones* 90; Shallcross *v.* Finden, 3 *Vesey*
739; McGlaughlin *v.* McGlaughlin, 12 *Harris* 22.

The opinion of the court was delivered by

LOWRIE, C. J.—There is a very obvious distinction between
that class of cases where a devise is charged by the will with
legacies, and that where the land is resorted to as a means of pay-
ing legacies not reached by the personal estate; and we need the
distinction in this case.   Land may be contingently liable for the
latter purpose, though the testator had no thought of such an
event; for the former purpose his will must show that he intended
it.   In one case, it is a question of charge in the strict sense of
the term; in the other, it is a question of contribution among
legatees and devisees; and when devisees take land by will, they
hold it subject to this contingency, as they do subject to debts.

True, it was decided in Brookhart *v.* Small, 7 *W. & S.* 229,
that a legacy, made payable out of the estate, did not include the
real estate; but that was because it appeared in the will that the
personal estate only was meant.   *Primâ facie* a general legacy
comes out of the residuary estate, real and personal: 12 *Harris*
22, and the cases there cited.

[Riley's Appeal.]

Here the residuary estate is the personal chattels and the land which, after the widow's death, were given to William. The pecuniary legacies were made payable "out of his estate," that is, of course, out of his residuary estate; for clearly, both real and personal estate are so chargeable, when both are given in fact as residue. The devisee took the land subject to be called on to pay the legacies, if the residuary or unbequeathed personal estate should be deficient; and now that it is sold by the sheriff for his debts, the legatees are entitled to come in on the proceeds.

Decree reversed at the costs of the appellee, and the cause is remitted to the District Court, with directions to allow the legatees of William Riley, Sr., to be first paid out of the proceeds of the sheriff's sale.