59    99
146   184,

# Okeson's Appeal.

1. "I give to Samuel the tract, &c., two horses, &c.; I bequeath to Margaret $300, one bed and bedstead, to make her equal with the rest; I leave to Daniel's children $30, to be divided equally between them; all my money or bonds to pay my debts, and then all my personal property to be sold and the money to be equally divided," &c. There was a deficiency of personal estate to pay all the legacies. *Held*, that Margaret's bequest was not charged on Samuel's land.

2. No particular language is necessary to create a charge on land: the intention to charge is to be carried out whenever it is discoverable from anything in the instrument.

3. Commonwealth v. Shelby, 13 S. & R. 354, English v. Harvey, 2 Rawle 309, explained.

4. There is no consideration for the promise of an executor to pay a legacy beyond the assets in his hands. The consideration and promise must be coextensive.

5. An executor cannot be made liable *de bonis propriis* on an oral promise, on the mere consideration of assets: such promise would be within the Act of April 26th 1855 (Frauds).

May 19th 1868. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. Absent, STRONG and READ, JJ.

Appeal from the decree of the Orphans' Court of *Juniata county*: Of May Term 1868, No. 96.

The question in this case arose upon the settlement of the account of Nicholas A. Okeson, administrator, &c., of Samuel Okeson, deceased.

Samuel Okeson had been the executor, &c., of Nicholas Okeson, deceased, whose will was proved in 1842. By the will he made the following provisions:—"I give and bequeath to my youngest son Samuel Okeson all the messuage and tract of land in Melford township whereon I now live, and I leave to my son Samuel Okeson two horses which he shall choose, one plough, one

harrow, and gears for two horses, and the old wagon; likewise all the grain in the ground that is not cut and gathered in at my death. I bequeath to my daughter Margaret Okeson three hundred dollars, and one bed and bedstead, to make her equal to what I gave the rest. I leave to my son Daniel Okeson's deceased four children (naming them) the sum of thirty dollars, to be divided equally among them."

The account of Samuel Okeson as executor of Nicholas Okeson, deceased, was confirmed in 1843, and showed a balance of $106.95 in his hands due the estate. Samuel Okeson died in 1865 intestate. N. A. Okeson, his administrator, in his account took credit for $803, paid Margaret Okeson, the amount alleged to be due her on account of her legacy under Nicholas Okeson's will. Margaret A. Okeson, widow of Samuel Okeson, filed exceptions to this credit. It was referred to an auditor. Before the auditor there was evidence that Samuel had said that he had not yet paid Margaret's legacy, but intended to do so; that all Margaret had to do would be to come and get her legacy.

The claim against the estate of Samuel was on the allegation that the legacy was charged on the land devised to him.

The Orphans' Court (Graham, P. J.), was of opinion that the legacy was not so charged, and reduced the credit to a pro rata share with the other legatees of the balance due by Samuel Okeson on his account, as executor of Nicholas Okeson, deceased. From this decree Nicholas A. Okeson appealed and assigned the decree for error.

*E. S. Doty*, for appellant.—The legacy was a charge on the land devised to Samuel Okeson's estate: Wharton's Dig., *Wills*, 471; English *v.* Harvey, 2 Rawle 305; Hood on Ex'rs. 346; Comm'th. *v.* Shelby, 13 S. & R. 354; Nichols *v.* Postlewaite, 2 Dall. 131. Samuel was liable on his promise to pay: Clark *v.* Herring, 5 Binn. 33; Esling *v.* Zantzinger, 1 Harris 53; Mercer *v.* Lancaster, 5 Barr 162.

There was no oral argument or paper-book for the defendant in error.

The opinion of the court was delivered, May 27th 1868, by

SHARSWOOD, J.—There can be no question that under the authorities in this state the legacy to Margaret Okeson in the will of her father Nicholas Okeson, was not a charge upon the land devised to his son Samuel Okeson, nor upon the devisee in respect of the land. It is certainly true that no particular language is necessary to create such a charge. The intention of the testator is to be carried out wherever it is discoverable from anything contained in the instrument. But there must be something

from which it can be inferred. Here there is a legacy of money to one, followed by a devise of a tract of land to another. There is no connection between the two—no reason for surmising that the one should receive the entirety devised or bequeathed more than the other. The design expressed to make Margaret by the legacy equal to what he had given the rest is not indicative of any intention that in case of a deficiency of assets she should be paid in full out of the devise to Samuel. Had the gift to Samuel been a legacy of money, it would have abated *pro rata*. That would have been according to the expressed intention that all should be equal. But that is something very different from making the legacy a charge on the land or the devisee personally liable in respect of the land, and thus securing it a preference in full. It will be sufficient to refer to Montgomery *v.* McElroy, 3 W. & S. 370; Wright's Appeal, 2 Jones 256; Brookhart *v.* Small, 7 W. & S. 229. There is a dictum by Judge Duncan in The Commonwealth *v.* Shelby, 13 S. & R. 354, from which it is argued that where there is a general bequest of a legacy, and there is a deficiency of personal assets to pay debts and legacies, the balance of the legacy is payable out of the realty. But his language is to be referred to the case before him, which arose upon a will in which the testator had blended his real and personal estate in a residuary clause. He had just cited the cases which recognise it as the law of Pennsylvania that such a blending makes the legacies a charge, and he refers immediately after to Nichols *v.* Postlethwaite, 2 Dall. 131, which was one of the same class. I have no doubt that the manuscript case of Oakford's Estate, 2 Whart. Dig., tit. *Wills and Testaments* 471, was also of that character, for though the will is not given, yet it appears there were residuary devisees. The same remark may be made of the dictum of Judge Huston in English *v.* Harvey, 2 Rawle 309, to the effect that a testator having been all his life accustomed to consider real and personal property as equally a fund to pay any demand, it would not be probable that he should forget this when making his will. English *v.* Harvey was a case in which the real and personal estate were blended in a residuary clause. The dictum referred to must lead logically to placing legacies of money and specific devises of land on the same footing. It would turn back the whole current of authorities.

There was then no consideration for the promise of Samuel Okeson beyond the amount of personal assets in his hands as executor after the payment of debts. Had there been any independent consideration, such as forbearance, it would not matter whether there were assets, or of what amount. The cases appear to hold that on a promise by an executor or administrator to pay a legacy or distributive share in consideration of assets, the consideration and promise must be co-extensive: Rann *v.* Hughes, 7

T. R. 350, note; Butt *v.* Humphrey, 22 Conn. 317. However that may be, it is clear that the executor cannot be made liable *de bonis propriis* on an oral promise on the mere consideration of assets. That would be "to charge him upon a promise to answer damages out of his own estate," and therefore within the Act of April 26th 1855, Pamph. L. 308. It has been accordingly held in Hay *v.* Green, 12 Cush. 282, that a verbal promise by an administrator to pay a distributive share in the estate of the decedent was within the Statute of Frauds, though there were assets; and in Philpot *v.* Briant, 7 Bingh. 717, a promise by the executor of an acceptor of a bill of exchange to pay out of his own estate in consideration of forbearance is held to be void if not in writing. On the whole, we see no error in this record.

Decree affirmed at the costs of the appellant.