# Crone's Appeal.

1. A testator may, as between legatees and devisees, constitute his real estate the primary fund for the payment of his debts.  But this must be by express words or manifest intention apparent in his will.  The blending of his real and personal estate in the residuary clause, whereby the debts are charged upon the realty, may be a circumstance indicative of an intention to exempt the personalty as the primary fund for payment of debts, but of itself it is insufficient to effect that result.

2. A testator, after directing that his debts should be paid out of his estate, gave to his wife the interest of one-third of all his personal estate absolutely, and the interest of one-third of his real estate for life.  He then gave all the rest and residue of his estate, real, personal and mixed, to his children, share and share alike.  The personalty proved insufficient for the payment of his debts, and his real estate was sold by order of the Orphans' Court, for the payment of debts.  Upon distribution of the balance of the proceeds of real estate remaining after payment of all the testator's debts, the court below held that the testator, having in the residuary clause in his will blended his realty and personalty, each fund was charged ratably with the payment of debts, and that the widow was therefore entitled to receive out of the said fund for distribution one-third part of the balance of the personal estate after the payment of a proportionate share of the debts, and the interest of one-third of the balance of the proceeds of the real estate after payment of a proportionate share of the debts:

*Held,* to be error, as there was no intention manifest in the will to exempt the personalty as the primary fund for the payment of debts, and that the widow was therefore only entitled to the interest of one-third of the net balance of the said fund for distribution.

3. McGlaughlin *v.* McGlaughlin, 12 Harris 20, distinguished.

May 14th 1883.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.  CLARK, J., absent.

[Crone's Appeal.]

APPEAL from the Orphans' Court of *York county :* Of July Term 1883, No. 112.

This was an appeal by Emanuel Crone, Lydia Doll, Susan Rebman, Elizabeth Rodgers and Mary Jane Crone from a decree of the said court dismissing their exceptions to and confirming the report of an auditor appointed to distribute a fund in the hands of Levi Dall and Samuel Rahauser, executors of John Crone, deceased, being a balance of the proceeds of real estate sold for ·payment of debts, by order of the Orphans' Court.

The facts were as follows : John Crone, the testator, died on August 21st 1881, leaving to survive him his widow, Rebecca Crone, and five children, Emanuel, Lydia, Susan, Elizabeth and Mary Jane. By his last will and testament, he provided, inter alia, as follows :

" I direct that my body be decently buried, that all my just debts and funeral expenses shall (by my executors hereinafter named) be paid out of my estate as soon after my decease as shall by them ·be found convenient . . . . I give, devise and bequeath to my beloved wife Rebecca Crone, the interest of one-third of all my personal estate absolutely, and the interest of one-third of all my real estate during her natural life . . . . All the rest and residue of my estate, real, personal and mixed, shall be divided among my children, share and share alike. . . ."

The testator's personal estate having proved insufficient for the payment of his debts, his executors obtained an order of court for the sale of his real estate. This was done and the balance of the proceeds of said real estate, after payment of the creditors of the estate, was $4,268.06, which constitutes the fund for distribution.

Before the Auditor (George W. Heiges, Esq.) appointed to distribute the said fund, counsel for the widow claimed that she was entitled to receive out of this balance a sum equal to one-third of the entire personal estate of the testator absolutely, and to the interest for life of a sum equal to one-third of the proceeds of testator's real estate after deducting debts, &c. Counsel for the executors contended, on the contrary, that the widow was entitled only to the use during life of one-third part of said fund, it being the net proceeds of testator's realty, after payment of debts:

The Auditor sustained the latter contention, and reported as follows :

" The Auditor therefore rules that it was the intention of the testator John Crone, that his debts and funeral expenses should be paid if they consumed his entire estate both real and personal (in which particular he simply published and reiterated the law of the Commonwealth in this behalf), and that his

[Crone's Appeal.]

widow, Rebecca Crone should have the interest of one-third of his personal estate, should any be left after paying his debts and funeral expenses (and had there been she would have been entitled to that one-third absolutely—the fund itself); and to the interest of one-third of his real estate; and therefore the said widow Rebecca Crone is entitled in this distribution under the will of her deceased husband, as the Auditor interprets and construes it, to have secured for her the one-third of the net balance of the funds in the hands of the executors after deducting the claims heretofore allowed and the expenses of this distribution, the annual interest on which one-third shall be paid (and secured to be paid), to said Rebecca Crone, during life." The Auditor therefore distributed the fund accordingly.

Exceptions filed to this report on behalf of the widow were sustained by the court, GIBSON, J., filing the following opinion:

"In determining the question of distribution here, I think the learned auditor has overlooked an important question of intention arising under the will of the testator, from the blending of the real and personal estate. The testator has first provided that all his debts and funeral expenses shall be paid out of his estate. Then, after his bequest and devise to his widow, he directs, that 'all the rest and residue of my estate, real, personal and mixed, shall be divided among my children, share and share alike.' Hence, the real estate having been blended by the testator with the personal estate, the charge is by implication upon both, and "rest and residue" means, what is left after the payment of debts and legacies: Hassanclever v. Tucker, 2 Binney 525; McCredy's Appeal, 11 Wright 442; Jane Gallagher's Appeal, 12 Wright 121; Davis' Appeal, 2 Norris 348. The rule, therefore, is, not that the personalty shall be the primary and the realty the auxiliary fund for these charges, but that each shall contribute ratably to the common burden: 2 Jarman on Wills *550. The widow is therefore entitled to one-third part of the balance of the personal estate estate after the payment of a proportionate share of the debts, and to the interest of one-third of the balance of the real estate after the payment of a proportionate share of the debts."

The report was accordingly recommitted to the auditor, who filed a second report, by which, in conformity with the instruction of the court, he awarded the sum of $275.09 absolutely to said widow and the sum of $1,181.34 for her use during life, and the balance to the residuary legatees.

Exceptions filed to this report by the children of testator were dismissed, and the report was confirmed, whereupon they took this writ of error, assigning for error the dismissal of their

exceptions and the action of the court in not confirming the Auditor's first report.

*D. K. Trimmer*, for the appellants.—The personal estate of a decedent is the primary fund for the payment of debts, and must be first so applied, " unless the contrary is directed by the testator :" Todd *v.* Todd's Executors, 1 S. & R. 453 ; Commonwealth *v.* Shelby, 13 S. & R. 348 ; 3 Williams on Executors (ed. 1877) 1795. Language charging the real estate with the payment of debts is not in itself sufficient to exempt the personalty : Walker's Appeal, 3 Rawle 240 ; Todd *v.* Todd, supra. The court based its decision upon the supposition that when the testator blends his real and personal estate for the payment of his debts, a different rule applies, and each estate must contribute ratably to their payment. In this we think the court below was misled by the learned annotator to an English authority it cites (Jarman on Wills), who gives Hassenclever *v.* Tucker, 2 Binney 525 ; and Witman *v.* Norton, 6 Binney 395, as Pennsylvania authorities sanctioning said doctrine ; whereas these cases, with many others, simply decide that when the testator blends his real with his personal estate, the real estate becomes liable for the payment of debts and legacies after the personal has been exhausted, and, without exception, apply all the available personal property first.

*N. M. Wanner* and *E. D. Bentzel*, for the appellee, were not present at the argument, but submitted a paper book in which the following cases were cited as sustaining the action of the court below : McGlaughlin *v.* McGlaughlin, 12 Har. 22 ; Nichols *v.* Postlethwaite, 2 Dal. 131 ; Hassanclever *v.* Tucker, 2 Bin. 525 ; Witman *v.* Norton, 6 Bin. 395 ; McLanahan *v.* Wyant, 1 Penna. R. 111 ; Jane Gallagher's Appeal, 12 Wr. 121 ; Wertz's Appeal, 19 P. F. S. 173 ; Davis' Appeal, 2 Nor. 353 ; Okeson's Appeal, 9 P. F. S. 99 ; Stewart's Estate, 3 W. N. C. 332 ; Riley's Appeal, 10 Casey 293.

Mr. Justice TRUNKEY delivered the opinion of the court, October 1st 1883.

As between the real and personal representatives of a decedent, the personal estate is the primary fund which must be resorted to in the first instance for the payment of debts contracted by the testator or intestate. This principle does not control the creditor of the decedent whose debt binds both the personal and real estate ; he may proceed against either the personalty in the hands of the executor or administrator, or the realty descended or devised. But if the creditor proceeds against the realty, the heir or devisee who has sustained the

loss shall be allowed to stand in the place of the creditor to reimburse himself out of the personal estate, provided such reimbursement will not prejudice any other creditor or other party having an equal or more favorable claim than the said heir or devisee. This legal principle does not prevent a testator from directing out of what fund his debts shall be paid as respects his devisee, and he may charge his debts upon his real estate ; but to exempt his personal estate and charge his real, there must be express words or manifest intention.

This will provides, 1. That all the testator's debts and funeral expenses be paid out of his estate ; 2. That his wife shall have the interest of one-third of all his personal estate absolutely, and the interest of one-third of his real estate during her life ; 3. That his son John and his children shall have a specific legacy ; and, 4. That all the rest and residue of his estate, real and personal, shall be divided among his children, share and share alike. The personal estate is not expressly exempted from its primary liability for debts, and we think there is no intention manifested to exempt it, except that part which constitutes the specific legacy in the third item.

The personalty is the primary fund for the payment of legacies, as well as debts, unless relieved by charge upon the realty. It is too well settled for need of authority that a general bequest and devise of the residue of the real and personal estate, blending them together, creates a charge upon the realty —the residue means what is left after the legacies are taken out. The whole of the testator's property is liable for payment of his debts; the personalty shall first be exhausted before touching the realty unless the will directs otherwise. Legacies are not chargeable on the real estate, nor payable out of it, unless the will so provides. Where a testator gives certain legacies, either specific or general, blends his realty and personalty, and disposes of the residue, the necessary implication is, that he intended payment of the legacies out of the fund. Not a case has been cited where such blending was held to exempt the primary fund from payment of the debts. It may well be a circumstance indicative of an intention to so exempt, but alone it is not sufficient. After the debts are paid out of the personal estate, the balance, if any, is the fund for distribution to the next of kin or legatees. Where there is no balance, there is no estate, and a bequest of one-third of the personal estate, or all of it, fails. The only mode known to the law of ascertaining the value of such a legacy is to convert the personalty into money, pay the debts, and settle an account of the administration.

On behalf of the widow it has not been directly claimed that the bequest to her is specific, but it is contended that the

logical effect of the ruling of the court below would give her one-third of all the personal estate, and, also, the interest of one-third of all the real estate, undiminished by debts or expenses ; and that she is entitled thereto in accord with the case of McGlaughlin *v.* McGlaughlin, 24 Pa. St. 20. In that case the bequest was, " I will that the whole of my household furniture and personal property, after paying my funeral expenses, shall be and remain the absolute property of my beloved wife." That was held a specific legacy, that is, a bequest of specified goods, distinguished from all other goods or property of the testator, which the widow could point to and claim as her own. Debts owing to the testator were not included in the legacy, and as it does not precisely appear just what was ruled to be covered by the words, " household furniture and personal property," the decision does not rule the pending case. A mere bequest of "all my personal estate," or a fractional part thereof, has never been held to mean a specific legacy. In Walker's Estate, 3 Rawle 229, it was said, " A bequest of all a person's personal estate generally is not specific." And that the whole testamentary disposition must show an intention by the testator to discharge the personal estate, or it will be held liable for his debts. A gift to a widow of one-third part of the personal estate, in lieu of dower, is not specific, and for that reason, she is entitled to only one third of the balance after payment of debts : Martin *v.* Fry, 17 S. & R. 426.

Decree reversed, and it is considered and decreed that distribution be made as set out in the first report of the auditor and said report is confirmed. Appellee to pay costs. Record remitted for further proceeding.