## Halt's Estate.

*Will—Devise—Pecuniary legacies—Charge on real estate.*

Testator gave to his widow a life estate in his entire estate. After her death his executors were directed to divide "the rest and residue" of the estate. To certain of his children he bequeathed sums of money as their full share of his estate and directed that "the personal and moveable property then remaining" was to be divided equally between two of his sons, naming them. He then devised his real estate to the same two sons, particularly describing each one's portion. There was a deficiency of personal assets to pay the pecuniary legacies. *Held*, that pecuniary legacies were not to be charged on the real estate devised to the two sons.

Argued April 28, 1914. Appeal, No. 109, April T., 1914, by Adam Halt, from decree of O. C. Allegheny

Co., Oct. T., 1912, No. 180, charging pecuniary legacies on land in Estate of Adam Halt, Sr.  Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ.  Reversed.

Petition to charge legacies on land devised to testator's two sons.

The case turned upon the construction of the will of Adam Halt, Sr., which was as follows:

'First. I direct all my just debts and funeral expenses to be fully paid and satisfied, as soon as conveniently may be, after my decease.  I do give, devise and bequeath all my property, Real, personal and mixed of whatsoever kind and wheresoever the same may be found at the time of my death unto my beloved wife Dorothea Halt, for and during her natural life, and after the death of my said wife I direct my Executors to divide the rest and Residue of My Estate as follows. 1st. I give, devise and bequeath unto my daughter Dorothea Winkelfuse two hundred Dollars.  2nd. I give to my Daughter Sophia Metzger two hundred Dollars.  3rd. I give to my daughter Catherine Schmitt two hundred Dollars.  4th. I give to my daughter Lizzie Gerber two hundred Dollars.  5th. I give to my daughter Barbara Halt two hundred Dollars.  6th. I give to my Conrad Halt three hundred Dollars.  7th. I give to my son George Halt Five Dollars.  Which shall be their full share of my Estate, the personal and moveable property then remaining shall be divided in equal shares among my sons Henry Halt, and Adam Halt.  9th. I do give, devise and bequeath unto my son, Henry Halt the old Homestead Wherein I now reside with all the Outbuildings belonging thereto with four and one half acres of ground.  10th. I give, devise and bequeath unto my son Adam Halt the new House with the outbuildings belonging thereto also with four and one half acres of ground or land.

"And I do hereby nominate, constitute and appoint

my two sons Henry Halt, and Adam Halt, sole Executors of this will."

The court entered the following decree:

And now, to wit: February 3, 1914, this matter came on to be heard upon petition and the amended petition thereto of the pecuniary legatees under will of said decedent, and answers thereto, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, viz.:

First: That the pecuniary legacies bequeathed to, viz.: to Dorothea Winkelvoos, $200, to Sophia Metzgar, $200, to Catherine Schmitt, $200, to Lizzie Gerber, $200, to Barbara Halt, $200, to Conrad Halt, $300, to George Halt, $5.00, are a charge upon the real estate of said decedent devised to Henry Halt and Adam Halt under the will of said decedent, with interest thereon from May 11, 1912. And it is further ordered and decreed that Adam Halt, surviving executor, make application for leave to sell said real estate or so much thereof as may be necessary to pay said legacies.

*Error assigned* was the decree of the court.

*A. L. Goldstrom*, for appellant.—This case was ruled by Duvall's Est., 146 Pa. 176. See also Bennett's Est., 148 Pa. 139; Heathcote's Est., 209 Pa. 522; Okeson's App., 59 Pa. 99; Brandt's App., 8 Watts, 198; Kohler's App., 3 Grant's Cases, 143.

*J. G. MacConnell*, for appellees, cited: Cook v. Petty, 108 Pa. 138; Riley's App., 34 Pa. 291.

OPINION BY TREXLER, J., July 15, 1914:

The question involved in this appeal is: Are the general pecuniary legacies mentioned in the will of Adam Halt, a charge on the real estate devised to his sons, no personal assets applicable to their payment

having come into the hands of the surviving executor?

The testator gave his widow a life estate in his entire estate, after her death the executors were directed to divide "the rest and residue" of the estate. To certain of his children sums of money were bequeathed, as their full share of his estate and "the personal and movable property then remaining" was to be divided equally between his sons, Henry and Adam.

He then devised his real estate to the two sons above named, particularly describing each one's portion.

Two of the three judges comprising the court below decided that the legacies were a charge upon the lands devised to the two sons. We cannot come to the same conclusion. It is true that the testator refers to "the rest and residue" of his estate after his widow's death, and these words would indicate a blending of the real and personal estate. But why stop here in ascertaining the intention of the testator? The whole will should be considered and from its four corners the testator's meaning should be gathered. Proceeding further we find the testator clearly preserved a distinction between his personal and real estate which does away with any idea of their commingling and furnishing a common fund for distribution.

It will be observed that the pecuniary legacies were to be paid and "the personal and movable property then remaining" was to be divided in equal shares among his sons, Henry and Adam. These sons apparently were the favored objects of their father's bounty and to them was also devised his real estate.

No intention is shown to charge their lands with the pecuniary legacies. Evidently the testator considered his personal estate not only sufficient to pay the legacies but to provide a balance for his two sons, Henry and Adam. That he was mistaken in this, at the time the will was made, does not alter the case, and surely a change in his circumstances subsequently would not.

As was said in Duvall's Est., 146 Pa. 176 (184) the

personal estate is not only the primary but prima facie the exclusive fund for the payment of legacies, and this conclusion cannot be repelled by showing that the testator had no personal estate when the will was executed. Nor would a lack of personal assets at his death: Brookhart v. Small, 7 W. & S. 229. Nor would a mistaken idea as to how much of the personal estate his wife would consume for maintenance change the construction of his will.

There was no power given to the executor to sell the real estate so as to provide a fund for the payment of the legacies: Brookhart v. Small, 7 W. & S. 229.

The will as a whole shows no intention of blending the real and personal estates, and we find nothing that would charge the lands devised to the sons with the payment of the pecuniary legacies.

The decree is reversed at the costs of the appellee.