## Shaffer's Estate.

*Wills — Construction — Gift of farm subject to dower rights — Charge on land—Acceptance of devise—Duty of life tenant to pay charge or surrender—Estate—Intention.*

1. A testator may direct upon whom or upon what property an obligation of his shall ultimately fall, and those who accept his bounty must do so cum onere.

2. An intention to charge a debt upon other than the personal estate may be implied from a sound interpretation of the whole will.

3. No particular words are necessary to create a charge on land; anything in the will may show such an intention.

4. In construing a will the court should, as far as may be, put itself in the position of the testator at the time he made it.

5. Where a property is charged with a debt, the devisee thereof for life must pay the interest accruing thereon during her life, or surrender her life estate to the remainderman.

Argued June 4, 1918. Appeal, No. 97, Jan. T., 1918, by Sarah Alice Hartman and Gideon T. Biehl, Executors and Testamentary Trustees under the last will and testament of John W. Shaffer, deceased, from decree of O. C. Union Co., Jan. T., 1918, No. 2, refusing citation in Estate of John W. Shaffer, deceased. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Reversed.

Petition for citation to show cause why respondent should not be required to accept a devise and assume the dower, debt and interest, or forfeit all claims to the land in question. Before JOHNSON, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court refused the petition. Sarah Alice Hartman and Gideon T. Biehl, Executors and Testamentary Trustees, appealed.

*Error assigned,* among others, was the decree of the court.

*Andrew A. Leiser,* with him *Andrew A. Leiser, Jr.,* for appellants.—The widow's dower is a statutory charge on the land devised: Act March 25, 1832, Section 43, P. L. 203; Shelly v. Shelly, 8 W. & S. 153; Dech v. Gluck, 47 Pa. 403; DeHaven v. Bartholomew, 57 Pa. 126; Karstein v. Bauer, 4 Penny. 366; Good v. Good, 7 Watts 195; Medlar v. Medlar, 2 P. & W. 355; Smith v. Danielson, 45 Pa. Superior Ct. 125.

He who takes under a will must take according to the will: Stump v. Findlay, 2 Rawle 168; Cox v. Rogers, 77 Pa. 160; Tomkins v. Merriman, 155 Pa. 440; Eichelberger's Est., 135 Pa. 160.

The testator's intent governs in the construction of his will: Carson's Est., 227 Pa. 543.

The words "subject to the widow's dower" are not descriptive merely but make the dower debt a charge upon the land, to be paid by the devisee: Keating v. Peddrick, 52 Pa. Superior Ct. 128; Green v. Rick, 121 Pa. 130.

A devisee of land must elect either to refuse to accept the devise or to accept it according to its terms: Zimmerman v. Lebo, 151 Pa. 345; Levengood's Est., 38 Pa. Superior Ct. 491.

By his election to accept the devise, the devisee makes the charge on the land his personal debt, and if, and when, he pays it, it is discharged, and he cannot hold it open against the estate of the testator or donor or any one claiming as legatee under the will: Headley v. Renner, 129 Pa. 542; Lobach's Case, 6 Watts 167.

*Philip B. Linn,* for appellee.—Words of description do not indicate an intention to charge real estate: Jackson v. Pittsburgh, 36 Pa. Superior Ct. 274; Hoff's App., 24 Pa. 200.

OPINION BY MR. JUSTICE SIMPSON, July 17, 1918:

Testator died leaving both real and personal estate. By his will, he gave all his property in trust for his wife for life, and provided that "after the Death of my wife

Angeline Shaffer, I will give and bequeath to my Half Brother Charles Grant Shaffer all that Farm and Tennent House, subject to the Widow Dower, along Buffalow Crick, known as the Stoltzfus farm and all the residue I will give and bequeath to Sarah Alice Hartman, Personal and real such as my Home stead along the Milton Road, Timber tract and the two Houses and lots in Lewisburg, Pa., by her paying one thousand dollars to the Bethany Orphans Home at Womelsdorf, Pa."

The widow's dower on the Stoltzfus Farm consisted of the sum of $3,600, charged thereon, on testator's purchase of the property in partition proceedings, the income thereof to be paid to the widow of Jacob Stoltzfus, the former owner during her life, and at her decease the principal to be paid to his nine children in equal shares. It was also secured by nine bonds and mortgages of this testator, for $400 each. The widow of Jacob Stoltzfus died about eight months after the date of John W. Shaffer's will, and two days before his death, whereby the principal of the dower became forthwith payable to the nine children.

The trustees of the estate thereupon filed a petition, averring the above facts, praying that Charles Grant Shaffer, the devisee of the said Stoltzfus farm after the death of testator's widow, should elect "whether or not he will accept the devise above mentioned cum onere," and forthwith discharge the said dower debt, "or forfeit all claim to said farm under said will." He answered the petition by electing to take the farm; but averred that the words "subject to the Widow Dower" were descriptive only, intended to designate the property referred to, and not meant as a charge thereon, and, as the obligation was a personal debt of testator, it was payable out of the personal and residuary estate. He declared his willingness, if that contention was not sustained, to take up the nine bonds and mortgages and have them assigned to himself; and in that event he prayed the court to decree that the trustees and the widow should pay the interest

thereon to him, as such assignee, during the lifetime of the widow.

Testimony was taken in the court below, amplifying but in no respect affecting the facts above set forth, whereupon that court dismissed the petition, holding that the words "subject to the Widow Dower" were descriptive only, and that the personal estate, which is the primary fund for the payment of debts, should be used to discharge the principal of the dower. From that decree of dismissal the trustees prosecuted this appeal.

It is undoubtedly true that creditors of a decedent may always claim payment out of the personal estate, no matter what his will may provide. But it is equally true that a testator may direct, as between his distributees, upon whom or upon what property any obligation of his shall ultimately fall; and if they accept his bounty they must do so cum onere: Stump v. Findlay, 2 Rawle, 168; Crone's App., 103 Pa. 571; Armstrong v. Walker, 150 Pa. 585; Zimmerman v. Lebo, 151 Pa. 345; Cooley v. Houston, 229 Pa. 495.

It is also undoubtedly true that as the personal estate is the primary fund for the payment of debts, he who asserts that any other part of the estate must be resorted to for the purpose, has the burden of showing that such was the testator's intention. But it is likewise true, as quoted from 2 Powell on Devises, 671, that, when the testator declares his intention to be otherwise, the legatee or devisee who takes, must take cum onere. As stated in Evanson's App., 84 Pa. 172, 178: "It was formerly held that the intention to exempt the personalty must be expressly declared. Such is not the rule now. It is sufficient if it appear by necessary implication, collected from a sound interpretation of the whole will."

In this will, the gift of the Stoltzfus farm is expressly made "subject to the Widow Dower." Those words are not needed to describe the farm. It is fully described without them. It is the "Stoltzfus farm." Testator had no other farm of that name. It is "along Buffalow

Crick." Testator had no other property on Buffalo Creek. We cannot assume that, though the words "subject to the Widow Dower" were not needed for a descriptive purpose, they were none the less used for that purpose; and hence they must be given their natural meaning. We have repeatedly held that "No particular language is necessary to create a charge on land; the intention to charge is to be carried out whenever it is discoverable from anything in the instrument": Okeson's App., 59 Pa. 99; Duvall's Est., 146 Pa. 176; Dickerman v. Eddinger, 168 Pa. 240; Hammond's Est., 197 Pa. 119.

It is not to be lost sight of that this will was made by testator himself, or by some other person wholly ignorant of all technical rules. He did not know that clear expressions were needed to sustain a charge on land. He did know that he held the farm "subject to the Widow Dower," and he used apt words in his will to make his gift thereof likewise subject thereto. Probably every layman would read the will in precisely the same way; and putting ourselves in this testator's place, in order to construe his will, as indeed we must do (Postlethwaite's App., 68 Pa. 477; Follweiler's App.,102 Pa. 581; Webb v. Hitchins, 105 Pa. 91; Hermann's Est., 220 Pa. 52), we also reach the same conclusion.

A testator's intent must always be carried into effect unless inconsistent with established rules of law, and will not be defeated by any technical rules of construction: Webb v. Hitchins, supra; Wood v. Schoen, 216 Pa. 425; Arnold v. Muhlenberg College, 227 Pa. 321; Thompson's Est., 229 Pa. 542. In the present instance the intent being ascertained, there is no rule of law or construction standing in the way of carrying it into effect, unless we propose to wholly defeat it, and we have neither the right nor purpose so to do.

We do not think, however, though the half brother ultimately gets the farm subject to the dower, that he ought now to pay that dower. The devise to him does not take effect until "after the death" of testator's wid-

ow, who is still alive and who receives, during her lifetime, all the income of the estate. When he gets the farm he gets it "subject to the Widow Dower," but not before. Consequently the trustees, who collect the income of the estate for the benefit of the widow, should pay the interest accruing on the mortgages during her lifetime, unless she elects to surrender her life interest therein. Any difficulty which might otherwise arise, is met by the offer of appellee to pay the mortgagees and take assignments of the mortgages, if it is decided that he is entitled to receive the interest thereon during the widow's life. Our decree will, therefore, so provide.

The decree of the court below is reversed, the petition is reinstated, and it is adjudged and decreed that the devise by John W. Shaffer, deceased, of his real estate, known as the Stoltzfus farm, to his half brother Charles Grant Shaffer, is expressly subject to the nine mortgages of $400 each, now thereon, but the same is not payable by him or out of his interest in said property until the death of Angeline Shaffer, widow of said John W. Shaffer, unless she elects to surrender her life interest therein; that the said Charles Grant Shaffer may purchase or cause to be purchased the said nine mortgages, obtain assignments thereof, and hold the same against said property, with all the rights and remedies incident thereto to be enforced, if the widow does not surrender her life interest in said property, and if the accruing interest on said mortgages is not paid during the lifetime of said widow; and upon her surrender of all interest in said property, or upon her decease, whichever shall happen first, said mortgages shall be satisfied of record. The costs in the court below and in this court shall be borne equally by appellants and appellee.