## Messner Estate

Before Trimble, P. J., Boyle and Cox, JJ.

*Harry S. Kalton*, for petitioner.

*Melvin S. Kielok*, for respondant.

TRIMBLE, P. J., December 31, 1948.—Joseph Peter Messner died testate on May 11, 1947, leaving a will dated February 4, 1947, and a writing which was probated as a codicil dated May 6, 1947. Joseph M. Messner, a son and, under the first writing, a legatee entitled to an equal share with his brother and sisters, is petitioner for partition. His allegation that he is the owner of a one-fifth interest in the land is contested by his sister, Thelma M. Zivic, who is the sole legatee and devisee under the later writing. She claims that she is the owner of the land described in the petition and the building thereon.

The will provides first for the payment of debts; then there is a devise and bequest of all the rest and residue of the estate, real, personal and mixed, wheresoever found and situate, to his "beloved children", Joseph, petitioner for partition, being one; or if any of his children predecease him, his children's issue are substituted for the parents. For the administration of his estate, he appointed his daughter, Thelma M.

Zivic, to be his executrix without giving bond or other security. The writing probated as a codicil, written three months and two days later, provides as follows:

"I want my daughter Thelma M. Zivic to have all my cash money, bonds and insurance and personal belongings, and my restaurant, license and business at 3825 Penn Avenue. My daughter Thelma M. Zivic to be executrix of this will."

Decedent owned no estate of any kind other than that which is disposed of in this second writing, leaving it impossible to make any finding that he left any residue to' any person unless it should be determined that the devise of his "restaurant, license and business at 3825 Penn Avenue" created an estate in his daughter less than a fee simple.

To give the court a correct view of the property involved in this partition, counsel for petitioner and respondent agreed on the description of the land and the two-and-a-half story frame building erected thereon which entirely covers the real estate described. The building is described as follows:

"*Basement:* Divided into three rooms or compartments. There is a beer storage box and refrigeration unit in one room or compartment, laundry tubs in the second room or compartment and a ladies' rest room in the remaining room or compartment. Entrance to basement from Thirty-ninth Street and from lunch room on first floor.

"*First Floor:* Divided into barroom, lunch room, dining room and kitchen. There is a men's rest room on one side of the lunch room. Entrance to barroom located at corner of Penn Avenue and Thirty-ninth Street and entrances to dining room and kitchen via steps from Thirty-ninth Street.

"*Second Floor:* Divided into three bedrooms, bathroom and living room and a storage room used for storage of liquors. Entrance to second floor via steps

from dining room on first floor to living room on second floor. No entrance from outside.

"*Attic:* Composed of a single unfinished room. Used for storage. Entrance from bedroom on second floor."

A partition of this land would destroy decedent's intention as he expressed it in the gift of his "restaurant, license and business at 3825 Penn Avenue" to his daughter. For some reason known to testator, he wanted his daughter Thelma to have all his "cash money, bonds and insurance and personal belongings, and restaurant, license and business at 3825 Penn Avenue". A decree in partition would oust Thelma from any right that she gained under this gift, and would compel the conclusion that testator did not know what he was doing when he gave her his "restaurant, license and business at 3825 Penn Avenue". That is an absolute gift. He owned no other restaurant, license or business and to operate this he had his living quarters on the second floor and also had his liquor stored there and beer stored in the cellar. The three rooms in the basement had a beer storage box, refrigeration unit, laundry tubs and rest room which could be reached by two entrances, one from Thirty-ninth Street and the other from the lunch room on the first floor. The attic was a storage room.

If we would take the view of petitioner, we would have to say that all that was given to Thelma was the barroom, lunch room, dining room, kitchen and one rest room on the first floor with an entrance to the barroom from the corner of Penn Avenue and Thirty-ninth Street and one to the dining room and kitchen by steps off Thirty-ninth Street. The whole building was licensed and when testator deliberately sat down and gave his daughter, by the second writing of his will, his "restaurant, license and business at 3825 Penn Avenue" he intended that she should be able to enjoy them, and not be subject to being ousted by a partition proceeding or a refusal of a license.

When we read Lippincott's Estate, 276 Pa. 283, we find that a liberal construction is essential when the will or codicil is drawn by one unskilled in technical terms and the courts construe the writing in the manner which will best carry out testator's intention. A layman's will, written by a layman, should be construed precisely as he would have understood it: see Shaffer's Estate, 262 Pa. 15, 19, and the cases cited therein.

It is most difficult to believe that this testator had any other intention than to vest in fee simple the title to his property where he had his restaurant, his license and his business, all of which were located in his home and he made no exception of any kind. His gift is without any reference to any residue for any person other than his daughter Thelma. No reason is assigned for holding that testator wanted his daughter to have less than a fee simple title.

The petition for partition will be dismissed.

### Dissenting Opinion

Cox, J., June 1, 1949.—Joseph P. Messner, widower, executed his last will and testament on February 4, 1947. The will provides in part as follows:

"Second: I give, devise and bequeath all the rest and residue of my estate, real, personal and mixed, wheresoever found and situate, to my beloved children, Joseph Moorhead Messner, Edward Grant Messner, Helen L. Jennsen, Mercedes K. Walsh and Thelma M. Zivic, their heirs and assigns forever, in equal shares. In the event that any of my children, herein named, shall predecease me, then, I direct that the share to which they would have been entitled, if living at my death, shall be distributed equally among the issue of such deceased child or children."

On May 6, 1947, testator executed a paper which this court held to be a valid codicil to his will in the

disposition of an appeal from the action of the register in refusing to permit the probate of the codicil. The codicil provides as follows:

"I want my daughter Thelma M. Zivic to have all my cash money, bonds and insurance and personal belongings, and my restaurant, license and business at 3825 Penn Ave. My daughter Thelma M. Zivic to be executrix of this will."

Testator was survived by all the children named in his will: Joseph Moorhead Messner, Edward Grant Messner, Helen L. Janssen, Mercedes K. Walsh, and Thelma M. Zivic. Subsequent to the will contest, Helen L. Jenssen, Mercedes K. Walsh, and Edward Grant Messner granted and conveyed to Thelma M. Zivic their interests in certain real estate which is the subject of this controversy, and which is known as 3825 Penn Avenue. This is the only real estate owned by decedent.

Joseph Moorhead Messner presented his petition to this court requesting a partition of the real estate of decedent at 3825 Penn Avenue. This property is used for business. It houses a restaurant on the first floor, which was operated by testator. The restaurant sells and dispenses alcholic beverages and is licensed by the Commonwealth of Pennsylvania.

Respondent in the partition proceeding is Thelma M. Zivic, one of the daughters, who is the owner of a four-fifths interest in said real estate, three-fifths having come to her by deed of two sisters and a brother, and the other fifth having come to her under the terms of the will of testator (and not by the terms of the codicil). In her answer she denies that petitioner has any interest in the real estate and alleges, therefore, that his petition for partition should be dismissed. She bases this averment on a construction of the codicil to the will. It is, therefore, necessary to examine the will and codicil, which comprise the testamentary disposition of this property by testator, and to de-

termine from a construction thereof what disposition testator made of the real estate in controversy and to whom he devised it.

Testator's will was prepared by Melvin S. Bielek, a lawyer, and is typed on a will form generally used in this county in the preparation of wills. The codicil was written on a small piece of paper in the handwriting of Thelma M. Zivic and contains a disposition of the estate of decedent enumerated therein which decedent told Thelma M. Zivic to place in the codicil.

The revocation of testator's will could be made by, first, an express revision in the codicil, or, second, by an implied revocation arising from a disposition of his property contrary to that set forth by him in the will. There being no express revocation in the codicil, any revocation of the will must be found by construing the terms of the codicil as a different plan of disposition of testator's estate from that contained in the will. This the majority of the court have done by finding that the word "restaurant" means the building which houses the restaurant.

An examination of the will discloses that decedent had originally divided his property among all his children. Did he intend by the codicil, which was executed shortly thereafter, to completely change this intent, to prefer Thelma M. Zivic to all his other children, and to dispose of his entire estate by a gift to her to the exclusion of all his other children? He had a right to make this disposition of his property and could do so by using testamentary language which would have devised and bequeathed all of his estate to Thelma M. Zivic. Such intent, however, must be found in the express terms of the codicil, and if the terms of the codicil do not express this intent, it does not, therefore, revoke his prior disposition to all his children equally, as contained in his will.

For the purpose of assisting in the interpretation of wills involving doubtful language, rules of construction have been formulated, one of which is that a testator is presumed not to intend to favor one child in participation in his property to the exclusion of all his other children. We, therefore, must look at the language to be construed in the light of this rule, inasmuch as the contention is that the language of the codicil does prefer Thelma M. Zivic to the exclusion of all the other children of testator.

The codicil was written by Thelma M. Zivic, a layman, unfamiliar presumably with the technicalities of will construction. She is also the only person deriving any benefit from the codicil, and it is reasonable to expect that the language and punctuation used by her would not express a meaning to her disadvantage if testator intended otherwise. It is to be interpreted in the light of these facts and the language used in the codicil is to be given the meaning which a layman ordinarily attaches to it. The codicil, which provides, "I want my daughter, Thelma M. Zivic, to have all my cash money, bonds, and insurance, and my personal belongings, my restaurant, license and business at 3825 Penn Avenue", is capable of two constructions. It may be that testator intended to give Thelma M. Zivic all his personal estate, as well as the real estate at 3825 Penn Avenue, which houses the restaurant business given to her by the terms of the codicil. It may be, however, that he intended to give Thelma M. Zivic only his personal estate, and intended that the real estate should go to all his children in accordance with the terms of the original will. We believe the latter view, under all the circumstances of this case, to be consistent with the applicable rule of construction.

A restaurant in ordinary parlance is considered not to be a building, but to be a business operated in a building. The codicil gives to Thelma M. Zivic "my

restaurant, license and business at 3825 Penn Avenue". This gift does not specifically define "restaurant" to mean "restaurant building". In the absence of an unambiguous direction, and because of the general context, we construe "restaurant" to mean "restaurant business". Thelma M. Zivic wrote the codicil in a clear hand, and the writing evidences a knowledge of paragraphing and punctuation. The phrase in which the gift of the restaurant is made is punctuated as follows: "and my restaurant, license and business at 3825 Penn Avenue". The punctuation of these gifts, if intended to be the gift of the building separate and apart from the business, should read "my restaurant and license and business". The omission of the word "and" between "restaurant" and "license" evidences an intent by testator to give to his daughter, Thelma M. Zivic, only the restaurant, which he defines to be "license and business at 3825 Penn Avenue". We believe that the codicil made only a gift of his personal estate to Thelma M. Zivic, thereby revoking in part only the express terms of his will, and leaving the disposition of his real estate to be made under the terms of his will.

We have arrived at this conclusion by a careful examination of the various meanings which can be given to the word restaurant, as viewed in the light of all the circumstances surrounding testator at the time of his death, and have resolved the question in accordance with long established rules of construction. Although the majority of the court in reaching their decision have relied on the fact that it would be difficult for Thelma M. Zivic to conduct a restaurant without a building, nevertheless, many businesses are conducted in buildings which are not owned by the proprietors. Thelma M. Zivic, now the owner of four fifths of the business, if unable to obtain a lease from her brother, petitioner in this case, could have the same recourse to the courts by partition proceedings as he has had, and

the ownership of the entire building could be determined in such a partition proceeding by sale of the real estate to the highest bidder. Furthermore, the fixtures used in the business and the license are transferrable and salable and have a value entirely independent of the ownership of the building.

For the reasons hereinbefore stated, we dissent from the opinion of the majority of the court, and would grant the petitioner's prayer for partition.