## McNeel's Estate. Pennock's Appeal.

1. An executrix filed her account May 13th, it was confirmed June 17th 1867. On the 16th of June 1870, the balance on the account not having been distributed, persons interested residing in another county, asked for a review, setting out that the executrix had not produced to the appraisers, nor introduced into her account, a large amount of assets of the estate. The petitioners averred that they did not know of the settlement till after the confirmation and therefore had no opportunity to object. The Orphans' Court dismissed the petition, as not showing error in law, matter since the decree or new proof. The Supreme Court reversed the decree and ordered a review.

2. The omission of the assets from the inventory and account was a fraud or its equivalent.

May 2d 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the Orphans' Court of *Lancaster county:* No. 38, to May Term 1871.

On the 16th of June 1870, Enos Pennock, administrator d. b. n. c. t. a. of Lavinia McNeel, late of Lancaster county, deceased, and Priscilla B. Pennock, a legatee under her will, petitioned the Orphans' Court, setting forth,—

[McNeel's Estate.]

That Jemima B. Carpenter, executrix of the said deceased, settled an account of her administration on the 17th of June 1867, and there are errors in said account as follows:—

1. That the said accountant failed to charge herself with certain United States bonds and other securities, amounting to over $3000.

2. That the inventory of the personal estate of the said Lavinia did not contain a full statement of all the estate of the said decedent, and that the said executrix frequently admitted that she had in her hands certain United States bonds of the value of $1500, and other securities which she did not produce to the appraisers, or cause to be inventoried. The said Jemima, on the 12th of October last, was married to a certain John A. Tyler, and died in California within ten days thereafter, and that William Darlington, Esq., of West Chester, Chester county, in the state of Pennsylvania, is her administrator. That neither of the said petitioners were aware of the settlement of said account by the said Jemima till after it was confirmed, and that they had no opportunity whatever at the time, by reason of their ignorance of the proceeding, to object to such confirmation.

They prayed the court to review and grant a rehearing of so much of the same as is herein alleged to be error, &c.

The petitioners afterwards filed a supplemental petition, setting out more specifically the securities alleged to be unaccounted for.

The account was filed May 13th 1867, and showed in the accountant's hands a balance of $1619.14.

A citation was issued to William Darlington, Esq., the administrator of the executrix, to show cause why there should not be a review of her account, returnable June 28th 1870.

On the return day he answered:—

"That the petitioners have not alleged the existence of any facts entitling them to a review of the decree of the court confirming the account of the said Jemima B. Tyler, executor of the said Lavinia McNeel, deceased. They have not alleged that any error of law appears in the body of the decree; or that any new matter since the decree, or that any new evidence as to the facts on which the decree was grounded has been since discovered. The defendant does not believe that any such new matter has arisen, or any such new evidence has been discovered since the decree."

The court (Hayes, J.) delivered the following opinion, and dismissed the petition with costs:—

"In this petition for review of an account of administration, settled and confirmed in 1867, there is no assertion of error in law apparent on the face of the record, or in the body of the decree of confirmation; nor is there any averment of new matter which has arisen since the decree, or of any new proof which

might not have been used at the time the decree was passed. The petition for review is rested simply on the ground of the petitioners' ignorance of the account or decree. But the cases have definitely settled the law upon this subject, and it is clearly stated by Mr. Justice Strong, in Hartman's Appeal, 12 Casey 75, in the following language: 'A petition of review must aver error of law appearing in the body of the decree sought to be reviewed, or new matter which has arisen since the decree, or that new proof has been discovered which could not possibly have been used at the time when the decree was made.' Unless the petition is supported by one of these conditions it cannot be maintained, either on the score of right or as a matter of grace, appealing to the discretion of the court, but must be dismissed. This petition is deficient in the three essentials, as neither showing error in law, nor matter arisen since the decree, nor any new proof which might not have been used when the decree was passed.''

The petitioners appealed to the Supreme Court, assigning the decree for error.

*O. J. Dickey* and *D. W. Patterson*, for appellants, cited Act of October 13th 1850, § 1, Pamph L. 1 Purd. 301, pl. 173; Parker's Appeal, 11 P. F. Smith 478; Hartman's Appeal, 12 Casey 75.

*W. Darlington*, appellee, p. p.

The opinion of the court was delivered, October 12th 1871, by READ, J.—Lavinia McNeel, of Lancaster, died in the year 1865, leaving a will which was proved in the register's office of that county, and letters testamentary were issued to the executrix, Jemima B. Carpenter, a niece of the testatrix, on the 27th of November 1865, who filed an account of deceased's estate in the said register's office on the 13th day of May 1867, and the same was confirmed by the Orphans' Court on the 17th of June 1867, showing a balance due the estate and in the hands of the accountant of $1619.14, which has never been paid or distributed.

The wife of Enos Pennock was a sister of Lavinia McNeel, and Priscilla B. Pennock was a niece, and both residents of Chester county; on the 12th October 1869, Jemima married John A. Tyler, and died in California ten days afterwards.

The said Enos and Priscilla, persons interested therein, presented their petition of review, alleging errors in said account, which are specifically set forth in it. They are,—

1. That she did not inventory or produce to the appraisers certain United States bonds, stocks and securities amounting to $3000.

2. That she never put the same into her account, which would

[McNeel's Estate.]

have increased the balance due by her from $1619.14 to $4619.14, leaving out of the account nearly two-thirds of the whole estate.

The petitioners both affirm " that neither of the said petitioners were aware of the settlement of said account by the said Lavinia till after it was confirmed, and that they had no opportunity whatever at the time, by the reason of their ignorance of the proceeding, to object to such confirmation."

The proceedings from the filing of the account to its confirmation occupied one month and four days, and consisted of two formal acts only, filing and confirmation.

. The administrator of Mrs. Tyler, William Darlington, Esq., virtually admitted the facts of the omission in the inventory and account, and the ignorance of the petitioners of its settlement and confirmation by not denying them, but taking a technical defence, which will not serve in a case like the present.

The omission of nearly two-thirds of the estate in the inventory and in the account was a fraud, or its equivalent, and no court will permit such a gross error to remain uncorrected.

Suppose the estate had been $100,000, and $60,000 had been omitted, would any court permit the husband to pocket the fruits of a fraudulent omission by his wife ?

The court, therefore, erred in dismissing the petition of review, and the decree of dismissal is reversed, and the Orphans' Court is directed to grant a rehearing of so much of said account as is alleged to be error in said petition of review, and give such relief as equity and justice may require by reference to an auditor, . or otherwise.