# Brooklyn Trust Co., Trustee, *v.* Warrington, Appellant.

*Wills—Construction—Intention—Surrounding circumstances— Evidence—Parol evidence—Property intended—Maxim.*

1. In determining the meaning of a will, the court endeavors to put itself in the place of the testator, and thereby ascertain his

meaning in the light of all the circumstances by which he was surrounded when he made it, and by which he was probably influenced.

2. Where the description in a will of that which was intended to be devised, is true in part but not in every particular, parol evidence is admissible for the purpose of showing what estate was intended to pass, if there is sufficient indication of this intention, appearing on the face of the will, to justify the application of the evidence.

*Wills—Probate—Domicile—Parties.*

3. If a paper is testamentary in character and is properly executed, it must be probated where the testator is domiciled; the rights of the distributees can only be adjudicated by the court, at the time and place appointed for distribution, when all the parties interested have had an opportunity to be heard in regard to it.

4. Wallize v. Wallize, 55 Pa. 244; Willard's App., 68 Pa. 327; Robinson v. Williams, 1 W. N. C. 337, and Sauer v. Mollinger, 138 Pa. 338, considered and explained.

Argued March 19, 1923. Appeal, No. 245, Jan. T., 1923, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1922, No. 748, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Brooklyn Trust Co., Trustee for Mary E. Young et al., under will of Mary E. Brown, deceased, v. Mary T. Warrington. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Ejectment for No. 1204 South Carlisle Street, Phila.

Rule for judgment for want of a sufficient affidavit of defense. Before MCMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting record.

*I. G. Gordon Forster,* of *Evans, Forster & Wernick,* for appellant.—A false description does not vitiate: Stambaugh's Est., 135 Pa. 585.

Parol testimony is admissible: Best v. Hammond, 55 Pa. 409; Thompson v. Kaufman, 9 Pa. Superior Ct. 305;

Powell v. Biddle, 2 Dallas 70; Newell's App., 24 Pa. 197; Coleman v. Eberly, 76 Pa. 197.

*Henry A. Hoefler,* for appellee.—Where the provisions of a will are clear, intelligible and unambiguous, and where there is a residuary clause, parol evidence cannot be admitted to show an alleged misdescription and latent ambiguity, caused by the mistake of a scrivener, the effect of which is to substitute a property not mentioned for one that is mentioned: Warrington v. Trust Co., 274 Pa. 80; Wallize v. Wallize, 55 Pa. 242; Willard's App., 68 Pa. 327; Fosselman v. Elder, 98 Pa. 159; Sauer v. Mollinger, 138 Pa. 338; Beaumont's Est., 214 Pa. 445.

OPINION BY MR. JUSTICE SIMPSON, April 9, 1923:

In the court below judgment was entered for want of a sufficient affidavit of defense, in an action of ejectment for 1204 South Carlisle Street in the City of Philadelphia, and defendant appeals. Each party claims through Mary E. Brown, now deceased, and the only point to be decided is the true interpretation of the following paragraph of her will, when viewed in the light of such of the facts, averred in the affidavit of defense, as may properly be considered in ascertaining her intention: "Fourth. I give, devise and bequeath unto my friend Mary T. Warrington [defendant] now of 3518 Spring Garden Street, Philadelphia, Pennsylvania, my real estate and property known as Nos. 1208, 10 and 12 S. Carlisle Street, Philadelphia, Pennsylvania."

It is alleged in the affidavit that, at the date of the will, and at the time of testatrix's death, she owned 1204, 1210 and 1212 S. Carlisle Street, but at neither date, nor at any other time, was she the owner of 1208 S. Carlisle Street, or of any other property in the City of Philadelphia. Her instruction to her counsel, who drew the will, was that her three properties on Carlisle Street, were to be given to defendant; through some mistake in his office, the figures 1208 were substituted for 1204; her at-

tention was not called to this error, and she did not notice it, when, in his absence, she executed the will, which thereafter was always in his possession and never seen by her.

It is possible,—though it is not necessary to decide the point,—that the averments regarding the instructions as to drawing the will, and what occurred at the time of its execution, can have no bearing on this controversy, unless it be to strengthen the presumption (if this is ever needed), that 1208 was mistakenly inserted for 1204, and testatrix did not deliberately attempt to devise a property to which she had no title. But the facts regarding the ownership of the properties, are clearly to be considered, and are of controlling effect on the question of entering or affirming this summary judgment. It is always helpful and sometimes essential, when a will is to be construed, to "put ourselves in the testator's place" (Shaffer's Est., 262 Pa. 15), and from that standpoint "consider the will and interpret its meaning......in the light of all the circumstances by which [he] was surrounded when he made it, and by which he was probably influenced"; and, having thereby reached a conclusion as to his intent, the court will not permit this "to be set aside because it is not clearly expressed by his scrivener": Postlewaite's App., 68 Pa. 477; Webb v. Hitchins, 105 Pa. 91; Stambaugh's Est., 135 Pa. 585, 597; Hermann's Est., 220 Pa. 52; Wood's Est., 267 Pa. 462.

In the light of the foregoing facts and law, does a fair construction of this will entitle defendant to 1204 S. Carlisle Street, which, on the record as now made up, was intended to be given to her? If only the numbers of the properties are to be considered, of course her contention cannot prevail, but this is not the situation here. The gift is of *"my* real estate and property known as 1208,......S. Carlisle Street." Which then is to give way, the "my" or the "1208"? The answer to this question is found in the maxim falsa demonstratio non nocet.

After analyzing the leading cases on the subject, Broom's Legal Maxims, 627, 644, lays down four rules by which to determine whether or not this maxim should be applied to the facts of a particular case. The second of these rules is as follows: "Where the description contained in the will of the thing intended to be devised, ......is true in part, but not true in every particular, ......parol evidence is admissible to show what estate was intended to pass,......provided there is a sufficient indication of intention appearing on the face of the will to justify the application of the evidence."

This rule is sound in principle as well as based on authority, and, hence, applying the facts, alleged in the affidavit of defense, to the language of testatrix's will, we find "the description......of the thing intended to be devised......is true in part," for it is of *"my* real estate and property......S. Carlisle Street," but is "not true in every particular," because of the use of the number "1208," and therefore, "parol evidence [regarding the ownership of the Carlisle Street properties] is admissible to show what estate was intended to pass......[since] there is a sufficient indication of intention appearing on the face of the will [in the use of the "my," etc.] to justify the application of the evidence."

Appellee earnestly contends, however, that our own cases antagonize this conclusion. We do not think so. In Wallize v. Wallize, 55 Pa. 242, it was sought, by parol evidence, unaided by anything appearing in the will, to add the names of omitted children; in Willard's Est., 68 Pa. 327, to add a quantity of property not included; in Robinson v. Williams, 1 W. N. C. 337, to change from a property owned by testator, which exactly fitted the devise, to another which did not; and in Sauer v. Mollinger, 138 Pa. 338, to strike from the will the name of one devisee and insert another. These cases were all properly decided, but are not relevant here.

It is of no moment that the will was originally probated in New York, for this has nothing to do with ques-

tions regarding its interpretation. If a paper is testamentary in character, and is properly executed, it must be probated where testator is domiciled, without determining what are the rights of distributees under it; these can only be adjudicated by the court, at the time and place appointed for the purpose, when all the parties interested have had an opportunity to be heard in regard to them: Carson's Est., 241 Pa. 117; Galli's Est., 250 Pa. 120.

The judgment of the court below is reversed, and a procedendo awarded.