## Sullivan's Estate.

*Decedents' Estates—Wills—Interpretation.*

A testatrix devised to her daughter an apartment house in which she and the latter were living at the time of the execution of the will. She also bequeathed some other real estate and several pecuniary legacies, directing that, if her estate was insufficient to pay these legacies, the balance should be collected from the rents of the property devised.

She also devised to the daughter with whom she was living a further legacy of fifty dollars a month to be taken from the rents as a preferred charge.

In such case, and interpreting the will in the light of the circumstances under which it was executed, it was held that the testatrix did not intend that her daughter should pay rent for the apartment in which she dwelt, and a decree requiring an accounting for the fair rental of such apartment will be reversed.

Argued April 17, 1925.  Appeal No. 133 April T., 1925, by Margaret Sullivan Garrigan from the decree of O. C. Allegheny County, October T., 1923, No. 364, in the case of Estate of Catherine Sullivan, deceased.  Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Modified.

Petition of one executrix asking that a co-executrix be required to account for rents arising out of part of the property devised to her.  Before MILLER, P. J.

The facts are stated in the opinion of the Superior Court.

The Court entered the following decree:

And now, January 24th, 1924, this matter came on before the Court in *banc* upon petition and answer, and after argument and briefs filed,upon due consideration, it is ordered, adjudged and decreed that the respondent account for, and pay to the executrices under the will of the testatrix, the fair rental value of the premises she occupies and for the rent collected and to be collected by her from the third floor of the building

devised to her, said rent so paid by her, and the rents received by the joint executrices from the leases now upon the property, to constitute the fund out of which shall be paid the legacies provided for in the decedent's will.

*Error assigned*, inter alia, was the decree of the court.

*Charles B. Prichard*, for appellant.—The actual intent of the testatrix should govern, and it must be ascertained by a consideration of the will as a whole: Schuldt v. Reading Trust Co., 270 Pa. 360; Packer's Est., (No. 1), 246 Pa. 97; Miller's Appeal, 113 Pa. 459; Middlesworth's Admr. v. Blackmore, 74 Pa. 414; Hollinshead's Estate, 273 Pa. 573; Long's Estate, 270 Pa. 480; Alburger's Estate, 274 Pa. 10; Wood v. Scheon, 216 Pa. 425.

*G. Malcolm McDonald*, for appellee.—Every will must stand or fall of its own force: Leech's Estate, 274 Pa. 369; Henry's Estate, 271 Pa. 416.

OPINION BY LINN, J., July 9, 1925:

Appellant complains of an interpretation of her mother's will whereby she is required to pay rent to the executors for part of premises devised to and occupied by her, since her mother's death, and also to account for rent collected by her for another part. She lived with her mother until her mother died, occupying the second floor of premises devised to her (as Margaret Sullivan) in the following paragraph of the will: "Fourth: I will and bequeath and dispose of my property located at the corner of Braddock Avenue and Electric Avenue, East Pittsburgh, in the following manner, To Nellie Boyle, I bequeath all that certain part of lot No. 12, in Block 44 of the East Pittsburgh Improvement Company's plan, fronting on

Braddock Avenue, being twenty-five (25) feet on Braddock Avenue and extending back, preserving an even width of twenty-five (25) feet for a distance of eighty (80) feet more or less, being at the rear end of the building that was on the lot when I purchased it; the remainder of said lot No. 12, Block 44, being forty (40) feet in length from the former mentioned building to an alley, I will and bequeath to my daughter, Margaret Sullivan." Testatrix gave her piano to a granddaughter "and the remainder of my household goods to my daughter," the appellant; she also gave her ten shares of Westinghouse Electric stock.

The real estate described had two parts, one 25 feet on Braddock by 80 feet on Electric Avenue; the other, described in the brief as "a continuation of the former piece," 25 feet wide extending 40 feet along Electric Avenue; each lot was occupied by a three-story building. When testatrix died, the entire building, 25 x 80, and the first floor of the rear building, 25 x 40, were let by one lease dated December 12, 1921, for a term ending May 1, 1932, at a rental of $500 per month. The third floor of this rear building was vacant; the second was the dwelling of testatrix and appellant, as has been stated.

The will also provides: "Fifth: I will and bequeath to my daughter Annie Mullen the sum of four thousand ($4,000.00) dollars, to my daughter, Mary McAndrew, the sum of four thousand ($4,000.00) dollars, to my granddaughter, Ellen Reinkenmyer, the sum of four thousand ($4,000.00) dollars, these bequeaths, however, shall be paid out of any money that I may have at my death, and should there not be enough the balance shall be paid out of the rents from the property heretofore mentioned, except that fifty ($50) dollars of the rent first shall go to Margaret Sullivan for her living, the fifty ($50.00) to Margaret shall be monthly first before anything other is paid, during the term of any lease that may be on the building at my death, after the

above bequeaths are fully paid and liquidated the rent from the property shall be divided equally between my daughters Nellie and Margaret during the term of any lease that may be on the property at my death.''

After the death of testatrix, appellant married and continued to live on the second floor. She rented the third floor at $40 a month, collecting and retaining that rental as her own.

Testatrix did not leave sufficient money to pay the pecuniary legacies specified in the 5th paragraph of her will, whereupon Nellie Boyle, an executrix, filed her petition to require appellant to account as a contribution to that deficit, ''for the rent of the premises she occupies and for the rent she has received from said estate [for the third floor] and applied to her own use......''Appellant denied liability to account, alleging that the real estate had been devised to her, and that by the terms of the will, the only rent applicable to the payment of the pecuniary legacies was that accruing on the single lease existing at the death of testatrix. The dispute was disposed of below after argument on petition and answer. The record states that a ''comparatively short time'' only is required to accumulate the balance wanted to pay the legacies. The court below held with petitioner and decided that not only must all the rents received contribute, but that in addition, appellant must account for the fair rental value of the part of the premises she occupies, which, it was agreed at the argument, is $40 a month.

We can discover no expression in the will that testatrix intended that appellant should pay rent for the apartment in which she dwelt. The inquiry, of course, is what intention is expressed, and we have in the record only a meagre account of the circumstances surrounding the making of the will. The parties state that it was executed October 21, 1921. Testatrix died May 18, 1922. We all agree, however, that one of the

circumstances appearing (Brooklyn Tr. Co. v. Warrington, 277 Pa. 204, 207) throws such light on the meaning of the will as to justify the conclusion that testatrix did not intend that appellant should pay rent for her home, or at least, negatives an intention that she would pay rent; that is, that when the will was made and until the death of testatrix, she and appellant together occupied the second floor as a dwelling; this daughter appears to have been a special object of her mother's bounty; doubtless to enable her more conveniently to live there after the death of testatrix, she was given all of the "household goods" except the piano, and in addition, "for her living," was given a preferential payment of $50 a month out of the rents referred to. If testatrix intended to make the rental value of the second floor apartment so occupied, a charge on the fee devised to appellant, more appropriate language should have been used.

So much of the decree appealed from as requires appellant to account for and pay the fair rental value of the premises she occupies is reversed; the remainder of the decree is affirmed; the record is returned with instructions to modify the decree accordingly, costs to be paid by the estate.