## Lowell's Estate, Appeal of Paul Mc. Lowell & Lancaster Trust Co.

*Decedent's estates—Petition for review—Absence of petitioner—Profits from real estate as income or principal.*

On a petition for the review of an account by a son of the decedent, who had a remainder interest after the death of the widow, the petitioner averred that he had resided abroad for thirteen years and that he had no knowledge of the filing of the account or its contents until after its confirmation. The petitioner also averred that the executors had conducted a number of real estate transactions yielding profits to the estate which were not accounted for and that the accountants had claimed credit for expenses incurred in these transactions. The accountants demurred to the petition.

Under such circumstances the petitioner was entitled to a review and it was error for the court to dismiss the petition upon the pleadings.

In such case testimony should be taken to determine whether the profits realized from the real estate transactions are income or principal.

Argued November 15, 1927. Appeal No. 231, October T., 1927, by Paul Mc. Lowell and Lancaster Trust Company, from decree of O. C., Lancaster County, September T., 1925, No. 1, in the Estate of John W. Lowell, Deceased. Before PORTER, P. J., HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Petition for review. Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the petition. Paul Mc. Lowell and Lancaster Trust Company appealed.

*Error assigned,* was the decree of the court.

*F. Lyman Windolph,* for appellants.

*Howard J. Lowell, Harris C. Arnold* and *John A. Coyle,* for appellees.

OPINION BY LINN, J., March 2, 1928:

This appeal is from the dismissal of a petition of review. Testator died July 10, 1900, leaving a widow and nine children. Letters testamentary were granted to three children. The widow elected to take under the will. The estate was left to the executors to pay the income to the widow (or daughter in certain circumstances) as "head and manager of the home" which testator directed should "be kept up for my wife and such of our children as may be unmarried so long as my wife remains a widow, or should she remarry or die before our youngest child is twenty-one years old then until our youngest child has arrived at the age of twenty-one."

The home was maintained by his widow as "head and manager" until her death August 21, 1923, all the children being then of age. The executors' first and final account, filed August, 1925, became the subject of an adjudication filed and confirmed September, 1925. The account was of principal only; it bore a note stating "The income from the above assets is not accounted for as the same was paid under the direction of the will to Catherine Lowell [widow] the manager of the home." Decedent left two parcels of real estate, but his debts exceeded his personal estate.

Pursuant to the will, the corpus was awarded in nine equal shares to the Lancaster Trust Company, trustee for life for each of testator's children (eight then survived), remainder as provided in the will.

December 9, 1926, a son, filed this petition of review, subsequently amended, averring that from June,

1913, until June, 1926, he was in Asia, had not been informed of the death of his mother until June, 1925, had no knowledge of the filing of the account or its contents until after his return to the United States in June, 1926; that he was not represented at the audit and that a review should be had for reasons stated.

By subsequent petition the Lancaster Trust Company, trustee, became a party petitioner. An answer with amendments was filed by two of the three executors.

As ground for review, petitioner alleged that between 1905 and 1920, the executors conducted a number of specified real estate transactions yielding profits to the estate in amounts averred, and "that the balance due by said executors has not been actually distributed." He also averred that the accountants had claimed credit in the account for a number of specified items of expenditure identifying themselves as having been incurred in the course of those real estate transactions.

When the hearing began in the court below for the purpose of taking testimony on the merits, counsel for the answering executors stated that the answer raised certain questions of law and should be treated as a demurrer, and that before testimony was taken those questions of law should be disposed of by the court. The point was thus stated; "I do not think as a matter of law they [petitioners] are entitled to it [review] on their own petition." The hearing was therefore continued, the matter placed on the argument list, the answer treated as a demurrer, and subsequently was disposed of in an opinion dismissing the petition on the ground that "it is not alleged that there is an error of law apparent on the face of the record, or that any new matter has arisen since the decree has been confirmed, therefore a review cannot

be claimed as a right ......" and, that petitioner was not entitled to a review ex gratia.

We cannot accept that conclusion. The question arises on a demurrer to the petition. The direct charge in the petition that profits were made in the real estate transactions described which were assets of the estate and were not accounted for, though credit was taken for certain expenses incurred in these transactions, discloses such state of facts as to bring the petition within the rule requiring review; McNeel's Est., 68 Pa. 412. In Willing's Estate, 288 Pa. 337, 343, it is said: "Irrespective of any legislation, the Orphans' Court possesses inherent discretionary power 'to correct its own records in the interest of justice even to protect parties from the effect of their own mistakes and blunders,' Sloan's Estate, 254 Pa. 346, 350." See also Bailey's Est., 291 Pa. 421. The executors may have an adequate explanation when the evidence comes in, but, prima facie, the petition states a case.

Appellees contend that in any event the profits in question are income within the terms of the will and therefore were properly paid to the widow as was stated in the note to the account. We cannot determine on the record now before us that those profits are such income; it may be that testimony showing the condition of testator's affairs and the circumstances surrounding him when he made his will only three days before his death (South's Estate, 248 Pa. 165, 168; Shaffer's Estate, 262 Pa. 15, 19; Wood's Estate, 267 Pa. 462, 466; Lippincott's Estate, 276 Pa. 283, 287; Brooklyn Trust Co., Trustee v. Warrington, 277 Pa. 204, 207) will justify the conclusion that to carry out his direction to keep up his home, all profit or increase over the net amount of his estate was included in the word income as used by him in the will. If the profits in question are income, the petitioner has no standing

to complain; if they are principal, he has.  The refusal of the petition was premature.

The order is reversed with a procedendo, costs to abide the result.

KELLER, J., dissents on the ground that the profits made on the real estate transactions authorized by the will were income.