## Earle's Estate

*Francis J. Walsh*, for petitioner.

*J. C. Murtagh*, of *Townsend, Elliott & Munson*, contra.

Before Van Dusen, P. J., Stearne, Klein, Bolger, and Ladner, JJ.

STEARNE, J., May 7, 1937.—This is a petition for review directed against executors of the will. Two of the executors have filed answers, and the third has filed a preliminary objection to the petition. The objection to the grant of a review is that "all amounts found due by the adjudication . . . have been paid and discharged in the manner provided therein," and therefore such petition is not maintainable under section 48 of the Fiduciaries Act

of June 7, 1917, P. L. 447. But the application for review will in no manner disturb the awards so made and paid.

The fourth item of the will directs the sale of premises 2139 Locust Street by the executors, and the payment of the proceeds to a trustee (the corporate executor) to pay the income to her greatniece for life, and, upon her decease, to pay the principal to the living issue of such greatniece, and in default of issue to the two individuals who are named as executors, or their issue.

The executors sold the premises but derived no proceeds therefrom over and above the mortgage secured thereon.

The life tenant was a minor at the time of the audit, and no guardian ad litem was appointed to represent her at such hearing. No trustee ad litem was appointed to represent the unascertained interests upon the decease of the life tenant.

The guardian ad litem, since appointed, objects to the sale of the real estate, and seeks to review the adjudication, in order that he may attempt to surcharge the executors for what he deems to be an inadequate price obtained for the real estate.

We have heretofore pointed out in Mitchell's Estate, 20 D. & C. 101, 102, that when a trustee, who is normally the legal representative of a minor cestui que trust or of unborn children, is also the executor the obvious conflict of interest requires that such minor and unascertained persons be independently represented and have notice. Under such conditions, good practice requires the appointment of a guardian and trustee ad litem. This minor, and unknown next of kin, have not been thus represented at the audit of the executors' account. Furthermore, the claim presented is not in rem, but is a personal one against the executors. The adjudication therefore is not conclusive in this respect against a minor not represented: Komara's Estates, 311 Pa. 135. See able discussion on this point by Judge Van Dusen in Steel's Estate, no. 255, January term, 1912 (not reported).

If the executors are ultimately held to be liable for the sale of the real estate at an inadequate price, the distribution heretofore made of the other parts of the estate will not be affected in any manner whatever.

The orphans' court has discretionary power to correct its own records in the interest of justice, irrespective of section 48 of the Fiduciaries Act: McCurdy's Estate, 3 D. & C. 735; Sloan's Estate, 254 Pa. 346; Ehrhart's Estate, 31 Pa. Superior Ct. 120; Lowell's Estate, 92 Pa. Superior Ct. 492; Chauncey's Estate, 303 Pa. 441.

The real estate was encumbered with a $10,000 mortgage, which, with the accompanying bond, was executed by testatrix. Because it was decedent's bond, the guardian ad litem claims that the direction to convert the real estate into money imposed an obligation upon the estate to pay such indebtedness, and that the trustee should thereafter hold the gross proceeds under the trust. But section 18 of the Wills Act of June 7, 1917, P. L. 403, 409, provides:

"Unless the testator shall otherwise direct by his will, the devisee of real estate which is subject to mortgage shall take subject thereto, and shall not be entitled to exoneration out of the other estate of the testator, real or personal; and this whether the mortgage was created by the testator or by a previous owner or owners, and notwithstanding any general direction by the testator that his debts be paid."

As stated by the commissioners, the purpose of this section was "intended to remove the existing distinction between mortgages made by the testator and those created by previous owners." See Williamson's Estate, 302 Pa. 462; also Fenstermaker's Estate, 4 D. & C. 691, as to a case of option to purchase real estate given under a will. As it was merely the decedent's equity which was directed to be converted, no question on review may be raised as to the liability of the estate for decedent's obligation under the bond accompanying the mortgage.

We note that the corporate fiduciary has merely filed a preliminary objection to the petition, as noted above. However, the record is clear that no representation was afforded the minor life tenant and the possible unascertained next of kin. No useful purpose will therefore be served by permitting a further answer.

Being of opinion that the interest of justice requires a review, we order and decree that the adjudication of February 20, 1936, be reopened and reviewed solely and exclusively upon the facts and circumstances connected with the sale of premises 2139 Locust Street by the executors; that the matter be referred to Judge Bolger for such rehearing; and that before such rehearing a trustee ad litem be appointed to represent possible unascertained interests in remainder.