**Specialny Estate**

*Bernard O'Hare*, for exceptant.

*Harry L. Lees, Jr.* and *Raymond C. Haggerty*, for accountant.

FRANCIOSA, J., April 5, 1971.—This matter is

before the court on the exceptions of Apoline Skibo to the first and final account of Linda Sue Domicello, Executrix of the Estate of John Specialny, Jr., and to her proposed schedule of distribution.

John Specialny, Jr., died on November 19, 1969, a resident of Northampton County. He was survived by Linda Sue Specialny, a daughter, and a sister, Apoline Skibo. His brother, Stanley Specialny, predeceased him.

On November 25, 1969, a will dated January 25, 1968, was accepted for probate. In this will, testator provided in paragraph first as follows:

"I give and bequeath my three (3) Savings Certificates of the Philadelphia National Bank, in the amount of $1,000.00 each, to my sister, Apoline Skibo."

In explanation of the schedule of distribution submitted on behalf of the executrix, paragraph 20 of the audit statement for distribution states the following:

"In the first paragraph of his will the decedent made a specific bequest of his three savings certificates of the Philadelphia National Bank, in the amount of $1,000.00 each, to his sister, Apoline Skibo. These certificates could not be located and did not form a part of the decedent's estate at the time of his death, and therefore an ademption occurred."

However, the inventory filed by the executrix lists three savings certificates of the Provident National Bank. The Provident certificates were owned by testator both at the time the will was executed and on the date of his death. In addition, each certificate is in the principal amount of $1,000.

The question before this court is whether paragraph first contains a "misdescription." A "misdescription" is defined as the erroneous designation of property.

After careful consideration of the record, the arguments of counsel, and the will of this testator, the court concludes that this is a case of "misdescription."

In Brooklyn Trust Company v. Warrington, 277 Pa. 204, certain real estate was given under a description using "my real estate" and followed by an erroneous designation of the property. The court found that the use of "my real estate" made the description true in part, but "not true in every particular." The rule which Brooklyn Trust lays down is that when a description is false in part and true in part, extrinsic evidence is admissible to strike out the false, and if enough remains the property intended may thus be identified.

In the subject estate, the extrinsic evidence submitted by exceptant was the testimony of Harry L. Ebert, a special investigator with the Philadelphia National Bank. His testimony makes it abundantly clear that testator was not the owner of Philadelphia National Bank saving certificates either at the time he executed his will or on the date of his death.

In accord with the approach of the Supreme Court in Brooklyn Trust, supra, the extrinsic facts enable this court to strike out the "Philadelphia" as the false part of the description contained in paragraph first of the Will. When we examine what remains, we are satisfied there is enough to identify the Provident National Bank certificates as the property which testator intended to pass because of his use of "my three (3) Savings Certificates . . . National Bank . . . in the amount of $1,000.00 each."

Taking into consideration all the facts of the instant case, we are persuaded that testator intended to make comparatively equal bequests to his brother and sister.* For this reason, we think the interpretation we have given to the will carries out his scheme of distribution.

---

\* The inventory indicates that the value of the property covered by the specific bequests to testator's brother is comparable to the value fixed for the three savings certificates in the specific bequest to his sister.

It allows a distribution which exactly fits the specific bequests to all of the property owned by testator at the time he executed the will. We prefer this result because we cannot believe testator intended to bequeath to his brother property he owned, but to his sister that which he did not.

Accordingly, we are convinced that the sister, Apoline Skibo, is entitled to receive the three savings certificates of the Provident National Bank under paragraph first of decedent's will.

### DECREE NISI

And now, April 5, 1971, the exceptions filed by Apoline Skibo to the proposed schedule of distribution attached to the first and final account of the Executrix of the Estate of John Specialny, Jr., are sustained. Unless exceptions hereto are filed within 10 days from the date hereof, the Clerk of the Orphans' Court Division of the Court of Common Pleas of Northampton County is directed to enter this decree as a final decree and the executrix shall thereupon file an amended schedule of distribution in accordance with the foregoing opinion.